UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK ESTRADA, Booking # 24729020,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, Sheriff, CARLSBAD POLICE DEPARTMENT, SEVERAL UNKNOWN POLICE OFFICERS,<br><br>Defendants. | Case No.: 24-cv-1558-MMA-LR<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 2]<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8 AND FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

Plaintiff Dominick Estrada ("Plaintiff" or "Estrada"), a detainee proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). *See* Doc. Nos. 1, 2. In his Complaint, Plaintiff alleges his constitutional rights were violated when he was bitten by law enforcement canine. *See generally* Doc. No. 1. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

# I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the $350 statutory fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Estrada has provided a copy of his prison certificate and trust account statement. ECF No. 2 at 4–6. During the six months prior to filing suit, Estrada had an average monthly balance of $25.00, average monthly deposits of $25.00, and an available account balance of $0.36. *Id.* at 1. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. While the Court assesses no initial payment, Estrada must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his Complaint, Estrada alleges that on July 12, 2025, he was "viciously attacked by police K-9 dog, despite Estrada not "posing any type of threat." Doc. No. 1 at 3. He states he suffered wounds to his buttock, legs, and arms but was not given adequate medical treatment. *Id.* As a result, he has "been in severe pain and trauma ever since." *Id.* Estrada also alleges he was placed in "extremely tight" handcuffs, which caused nerve damage. *Id.* at 4.

C.   **Discussion**

In his Complaint, Estrada alleges Defendants San Diego County, Carlsbad Police Department, San Diego Sheriff Martinez, and "Several Unknow Deputies" violated his constitutional rights by using excessive force against him and failing to adequately provide medical attention. *Id.* 3–4. He seeks money damages. *Id.* at 7.

1.   **Rule 8**

First, the Complaint must be dismissed because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *See Iqbal*, 556 U.S. at 678.

Here, Estrada fails to allege any facts which adequately link any Defendant named in this action to any specific deprivation of his constitutional rights. *See generally* Doc. No. 1 at 3–4. While he has alleged Defendants violated his constitutional rights, he has not specifically alleged what each individual Defendant did, or did not do, to violate those constitutional rights, as required to state a plausible § 1983 claim. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). Indeed, Estrada does not reference *any* specific acts or omissions by any Defendant in the Complaint and thus has not provided sufficient facts to put Defendants on notice of his claim(s) against them. *See Twombly*, 550 U.S. at 555. Therefore, the Court **DISMISSESS** the Complaint

for failure to comply with Rule 8 and failure to state a § 1983 claim. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *see also* 28 U.S.C. § 1915(e)(2) and § 1915A.

### 2. Redundant Official Capacity Claims

In addition, Plaintiff has named all four Defendants in their official capacities only. Doc. No. 1 at 2. A local government, such as Defendant County of San Diego, is deemed a "person" and may be sued under § 1983. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55.

However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *See Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995) (stating police narcotics task force is not a "person" or entity subject to suit under § 1983); *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting local government departments and bureaus are generally not considered "persons" within the meaning of § 1983). As such, the Carlsbad Police Department it is not a proper Defendant. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (C.D. Cal. 1996). And to the extent Plaintiff is attempting to sue the City of Carlsbad itself, as discussed above, Plaintiff fails to allege facts to demonstrate a causal link between the city and his claim(s). *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989) (requiring direct causal link between a municipal policy or custom and the alleged constitutional deprivation).

As for Martinez and "Several Unknown Deputies,"[2] "a suit against a governmental

---

[2] Although the use of fictitiously named Doe defendants is generally not favored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989). Here, however, Estrada has failed to make any specific allegations against any separately identified "Unknown Deputy." Instead, he refers to unidentified deputies collectively. I f Plaintiff wants to state claims against unknown defendants, he must identify them individually (i.e., Doe 1, Doe 2, etc.) and specify what each unknown individual did. A "must allege sufficient facts to show how each doe defendant individually violated his constitutional rights. If he does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants." *Finefeuiaki v. Maui Police Dep't*, 2018 WL 4839001, at *3 (D. Haw. Oct. 4, 2018), citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Thus, "if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.'" *Vance*, 928 F. Supp. at 996; *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly."); *Sherman v. Cnty. of Maui*, 191 F. App'x 535, 537 (affirming the district court's finding that the plaintiff's "claims for damages against County officials in their official capacity were effectively claims against the County itself, and thus the individual defendants were duplicative").

Thus, even if the Complaint were not subject to dismissal under Rule 8, Estrada's *official-capacity* claims against Defendants Carlsbad Police Department, Sheriff Martinez and "Several Unknown Deputies" are dismissed without leave to amend.[3] *See Mauck v. McKee*, 2018 WL 5906085, at *6 (N.D. Cal. 2018) ("[C]ourts have routinely dismissed suits against municipal officials sued in their official capacity as duplicative when the municipal entity itself is also being sued.").

### 3. Plaintiff's Claims

In addition, to the extent Plaintiff appears to be attempting to allege violations based on a use of excessive force and failure to provide adequate medical attention, he would fail to state a claim for the reasons discussed below.

#### a. Excessive Force

Estrada appears to allege the use of a law enforcement canine to apprehended and/or subdue him prior to his arrest amounted to excessive force. Doc. No. 1 at 3. He also states he was handcuffed so tightly that he sustained "nerve damage." *Id.*

---

[3] This decision in no way affects Plaintiff's ability allege individual capacity claims against these defendants.

  While Estrada references the Eighth Amendment's proscription against "cruel and unusual punishment," it appears from the sparse facts alleged in the Complaint that the Fourth Amendment applies, not the Eighth.  Claims for excessive force in an arrest, investigatory stop, or other seizure of a free person must be brought under the Fourth Amendment and analyzed under its objective "reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  In contrast, the Eighth Amendment protects prisoners (after conviction) from the use of excessive force.  *Id.* at 395 n.10.  To state a Fourth Amendment excessive force a plaintiff must plausibly allege the defendant(s) were objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id.* at 397.

  As to the incident with the police dog, Estrada simply alleges he was "attacked" by a K-9 when he was "not a threat to anyone."  Doc. No. 1 at 4.  But he fails to provide any context regarding the "facts and circumstances" surrounding the incident sufficient to state a plausible claim.  *See Graham*, 490 U.S. at 396 (stating the standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"); *see also Hopson v. Alexander*, 71 F.4th 694, (9th Cir. 2023); *Lowry v. Cnty. of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) ("Our precedent establishes that characterizing the quantum of force with regard to the use of a police dog depends on the specific factual circumstances.").

  Plaintiff has also failed to allege sufficient facts to state a plausible claim based on excessively tight handcuffing.  In some circumstances, overly tight handcuffing can constitute excessive force.  *See Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004).  Here, however, Estrada alleges only that he asked for the handcuffs to be loosened.  Doc. No. 1 at 4.  He has failed to allege any facts describing how the handcuffs caused him to suffer unconstitutional levels of pain, or how he communicated this to the unnamed individual(s) who handcuffed him.  Thus, even if Estrada had tied this claim to

the conduct of a named defendant, his threadbare allegations are insufficient to state a claim for excessive force based on tight handcuffing. *See Petros v. Duncan*, 2019 WL 3459094, at *3 (E.D. Cal. July 31, 2019) (holding that plaintiff failed to state claim for excessive force under the Fourth Amendment where plaintiff alleged only that he told officer that handcuffs were too tight); *Devore v. Dominguez*, 2020 WL 7223261, at *4 (C.D. Cal. 2020) (following prior dismissal with leave to amend orders, finding and dismissing Fourth Amendment excessive force claim which alleged only that the plaintiff told officers that the handcuffs were too tight and they ignored him; because "[h]e has repeatedly failed to allege any facts describing the way in which he was handcuffed or any facts establishing how the handcuffs caused Plaintiff to suffer unconstitutional levels of pain, bruises, or any other injury. His threadbare allegations are insufficient to state a claim for excessive force"), *accepted by* 2021 WL 1554062 (Apr. 20, 2021).

In sum, Estrada's excessive force claims lack factual allegations from which the Court could discern whether the use of force was objectively reasonable and therefore, even if the Complaint were not subject to dismissal under Rule 8, it fails to state a plausible excessive force claim. *See* 28 U.S.C. § 1915(e)(2) and § 1915A; *Iqbal*, 556 U.S. at 678.

    b.  <u>Inadequate Medical Care</u>

Estrada also alleges he was not given adequate medical attention after he was injured by the K-9, in violation of his "right to medical care." Doc. No. 1 at 4. While not entirely clear, Estrada appears allege this occurred after his arrest, while he was detained at Vista Detention Facility. Claims for violations of the right to adequate medical care brought by pretrial detainees are evaluated under the Fourteenth Amendment's "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Under that standard, detainees alleging that jail officials failed to provide constitutionally adequate medical care must show:

(1) The defendant made an intentional decision with respect to the conditions

under which the plaintiff was confined [including a decision with respect to medical treatment];

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125; *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

Here, Plaintiff alleges only that he "did not receive proper medical care" after being "attacked" by the canine. Doc. No. 1 at 4. Such conclusory allegation is insufficient to state a plausible claim based on inadequate medical care. *See Iqbal*, 556 U.S. at 678; *see also Tamrat v. Marlowe*, 2021 WL 1927445, at *2 (N.D. Cal. May 13, 2021) (dismissing claim where plaintiff "only presents conclusory allegations that [the defendant] denied proper [him] medical care without providing specific allegations how his rights were violated").

Therefore, even if the Complaint were not dismissed under Rule 8, as currently pleaded, Estrada's conclusory allegations regarding inadequate medical care fail to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Iqbal*, 556 U.S. at 678.

       c.    <u>Failure to Train</u>

Finally, it appears Estrada seeks to allege liability on the part of the County of San Diego, Carlsbad Police Department and San Diego Sheriff Martinez for "failure to train" subordinates. Doc. No. 1 at 2. Municipalities, their agencies, and their supervisory personnel cannot be held liable under § 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691–693 (1978). And the failure to adequately train

public safety officers may be actionable where the failure to do so "amounts to deliberate indifference to the rights of persons with whom the police come into contact" such that the failure to train may be considered an official policy or custom that caused the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 489 378, 388 (1989). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). Thus, a municipal policy maker must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." *Id*. Here, Estrada had alleged no specific facts to support a *Monell* claim based on a purported constitutional violation stemming from a formal policy or custom. *See Iqbal*, 556 U.S. at 678. Thus, even if the Complaint were not dismissed under Rule 8, Estrada's *Monell* claim would be subject to dismissal for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**D.     Leave to Amend**

Given Plaintiff's *pro se* statue, the Court **GRANTS** him leave to amend his Complaint with the exception of this official-capacity claims against Carlsbad Police Department, Martinez, and "Several Unknown Deputies," which, as discussed above, are dismissed with prejudice because amendment would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

Accordingly, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

2.     **ORDERS** the Watch Commander of Vista Detention Facility, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an

amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

     3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego County Sheriff's Department, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.

     4.    **DISMISSES** Plaintiff's Complaint in its entirety for failure to comply with Rule 8 and failure to state a claim. *See* Fed. R. Civ. P 8; 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

     5.    **DISMISSES** Plaintiff's official-capacity claims against Carlsbad Police Department, Sheriff Martinez, and "Several Unknown Deputies" with prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

     6.    **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

\*\*\*

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 29, 2025

HON. MICHAEL M. ANELLO
United States District Judge